## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

KEVIN JOHNSON,

      Petitioner,

vs.

ERIC HOLDER,

      Respondent.

No. C11-1033-LRR

ORDER

 

This matter appears before the court on the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 (docket no. 1). The clerk's office filed such application on September 2, 2011. The petitioner paid the required filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00).

The petitioner brings this action against Eric Holder, but the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." 28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named Eric Holder as the respondent.

Moreover, unless an exception applies, a district court is unable to modify a term of imprisonment once it is imposed. *See United States v. Austin*, 217 F.3d 595, 597 (8th Cir. 2000) (discussing 18 U.S.C. § 3582(c)). In his supporting documents, the petitioner neither points to an exception nor relies on a rule or any authority that suggests the court has jurisdiction to alter his sentence. And, the petitioner's mere dissatisfaction with the

court's silence as to whether his sentence should be served concurrently or consecutively to a state sentence is not the type of error that is able to be corrected. *See generally* Fed. R. Crim. P. 35(a); Fed. R. Crim. P. 36. Further, the petitioner is unable to rely on 18 U.S.C. § 3585(b)(1) because the record makes clear that the petitioner received credit on his state sentence for the time he spent in official state detention. *See United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991). Lastly, to the extent that the petitioner is asking the court to review the Federal Bureau of Prisons' determination that a nunc pro tunc designation is not appropriate, substantial deference is owed to the Federal Bureau of Prisons' findings. *See, e.g., Fegans v. United States*, 506 F.3d 1101, 1104-05 (8th Cir. 2007) (relying, in part, on *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990)). Here, the petitioner did not allege that the Federal Bureau of Prisons misapplied the relevant factors and failed to submit the record regarding the Federal Bureau of Prisons' decision. Rather, he only submitted the Federal Bureau of Prisons' appellate decision that referenced its prior decision and stated no change in its position had occurred. Considering the statements and determinations that were made during the petitioner's sentencing hearing, the petitioner's criminal history and the fact that the petitioner sought a nunc pro tunc designation in 2005, the court concludes that the Federal Bureau of Prisons' decision is valid and relief is not available. Accordingly, the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed with prejudice. Under 28 U.S.C. § 2253, the court concludes that a certificate of appealability is not appropriate.

**IT IS SO ORDERED**.

**DATED** this 20th day of December, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA